MATTER OF YOUNG *

In Visa Petition Proceedings

A-12788962

*Decided by Board November 30, 1967*

Beneficiary, an adulterine child born during the existence of the marriage of the putative father to the petitioner as a result of an illicit relationship between petitioner's husband and a household servant who continued to be employed as a servant and reared beneficiary in the household of petitioner and her husband, is not the stepchild of the petitioner within the meaning of section 101(b)(1)(B) of the Immigration and Nationality Act, as amended, since there has not been a marriage by the natural parent subsequent to the birth of the beneficiary so as to create a step-relationship. [*Nation* v. *Esperdy*, 239 F. Supp. 531, and *Andrade* v. *Esperdy*, 270 F. Supp. 516, distinguished.]

ON BEHALF OF PETITIONER:
Jack Wasserman, Esquire
902 Warner Building
Washington, D.C. 20004
(Brief filed)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The case comes forward upon petitioner's motion for reconsideration of our decision dated July 28, 1967, upon the basis of the holding in *Andrade* v. *Esperdy* (S.D.N.Y., 36 Law Week 2077, August 8, 1967), which was rendered subsequent to our decision dismissing the appeal.

To recapitulate the facts, the petitioner, a native of Hong Kong, B.C.C., a British subject, female, married, a lawful permanent resident of the United States, seeks preference quota status on behalf of the beneficiary as her stepchild. The beneficiary is a native of Hong Kong, B.C.C., a British subject, 10 years old. The petitioner was married on November 15, 1935, to Yeung Wan Tung. The beneficiary was born during the existence of the marriage between the petitioner and her husband as the result of an illicit relationship between the petitioner's husband and a household servant. The natural mother of the child continued to be employed as a servant and reared the beneficiary.

---

* See also *Matter of Young*, Interim Decision No. 1762, of which the alien beneficiary in this case is also the subject.

The beneficiary's birth certificate shows that she was registered under the name of Tsui Ling, her father being described as Yeung Wan Tung and her mother as Yau Toon Tai, the petitioner. The petitioner testified that the registration of the birth was advised by the midwife. It has been testified that the petitioner's husband, the natural father of the beneficiary, sent financial support for all the members of the household.

It is established, therefore, that the beneficiary is an adulterine bastard who was born out of wedlock during the time the putative father was married to the petitioner. Adulterine children are the issue of adulterous intercourse and are regarded more unfavorably than the illegitimate offspring of single persons.[1]

Section 101(b)(1)(B) of the Immigration and Nationality Act, as amended, defines the term "child" to include a stepchild, whether or not born out of wedlock, provided the child had not reached the age of 18 years at the time the marriage creating the status of stepchild occurred. Although accepted dictionaries define stepchild as a child by a former marriage, this statute literally contemplates, that for immigration purposes, a person may be a stepchild even though he is illegitimate.[2] However it is difficult to understand the argument that the beneficiary in this case can be regarded as a stepchild. The beneficiary is simply an illegitimate adulterine child. The child was born during a then existing marriage as the result of illicit intercourse between the married natural father and a female servant and there never has been a subsequent marriage by the natural parent of the child so as to create a steprelationship.[3]

The attempt to stretch the holdings in *Nation* v. *Esperdy*, 239 F.Supp. 531 (S.D.N.Y. 1965), and in *Andrade* v. *Esperdy*, 270 F.Supp. 516 (S.D.N.Y. 1967), does not appear to be valid. In *Nation* the beneficiary was born on February 12, 1947 and the marriage between the petitioner-stepmother and the natural father occurred in 1952. In *Andrade* the beneficiary was born out of wedlock on June 5, 1948 and the natural father married the petitioner-stepmother on July 4, 1959. It is noted that in both cases the father was unmarried at the time of the birth of the illegitimate child and the marriage occurred subsequent to the birth of the child, thus creating the stepparent-stepchild relationship. In the *Nation* case, Judge Feinberg was persuaded on the facts of the case the beneficiary was plaintiff's stepchild. In the *Andrade* case, Judge Edelstein held that a marriage between a natural

---

[1] Bouvier's Law Dictionary (3rd ed.) ; *Matter of D—M—*, 7 I. & N. Dec. 441; *Matter of F—*, 7 I. & N. Dec. 448, 451.

[2] *Nation* v. *Esperdy*, 239 F. Supp. 531, 533.

[3] *Matter of Green*, Int. Dec. No. 1570.

father and a woman creates a stepparent-stepchild relationship between the woman and the child, and that any consideration of a pre-existing family unit is irrelevant.

We do not feel that a discussion of the holding in the *Andrade* case is warranted. We hold simply that the facts in the instant case do not fall within the factual situations which were present in the *Nation* and *Andrade* cases. The motion will be denied.

**ORDER:** It is ordered that the motion be and the same is hereby denied.